IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **DR. FRANCOISE D. FAVI**, <br><br> **Plaintiff,** <br><br> v. <br><br> **VIRGINIA STATE UNIVERSITY** <br> **1 Hayden Drive** <br> **Petersburg, VA 23806** <br><br> **DR. MAKOLA M. ABDULLAH,** <br> **PRESIDENT** <br> **Virginia State University – Office of the President** <br> **P.O. Box 9001** <br> **300 Virginia Hall** <br> **1 Hayden Drive** <br> **Petersburg, VA 23806** <br><br> **DR. ELLIOTT WHEELAN, ASSOCIATE VICE PRESIDENT FOR HUMAN RESOURCES AND COMPLIANCE** <br> **Virginia State University – Office of Human Resources** <br> **1 Hayden Drive** <br> **Virginia Hall** <br> **Suite 101** <br> **Petersburg, VA 23806** <br><br> **MS. JULIA WALKER,** <br> **EEO/COMPLIANCE MANAGER** <br> **Virginia State University** <br> **VSU Annex – The Cameron Building, Room 105** <br> **325 Brown Street** <br> **Petersburg, VA 23803** <br><br> **MS. RAMONA TAYLOR, UNIVERSITY LEGAL COUNSEL** <br> **Virginia State University** <br> **1 Hayden Drive** | **Case No.: 3:19-cv-517** |

**P.O. Box 9001**
**Petersburg, VA 23806**

**DR. PAMELA V. HAMMOND, FORMER INTERIM PRESIDENT**
**Virginia State University – Office of the President**
**P.O. Box 9001**
**300 Virginia Hall**
**1 Hayden Drive**
**Petersburg, VA 23806**

**DR. KEITH T. MILLER, FORMER PRESIDENT**
**Virginia State University – Office of the President**
**P.O. Box 9001**
**300 Virginia Hall**
**1 Hayden Drive**
**Petersburg, VA 23806**

**DR. M. RAY MCKINNIE, DEAN OF COLLEGE OF AGRICULTURE**
**Virginia State University, College of Agriculture**
**1 Hayden Drive**
**P.O. Box 9081**
**Petersburg, VA 23806**

**DR. WONDI MERSIE, ASSOCIATE DEAN/DIRECTOR OF RESEARCH FOR COLLEGE OF AGRICULTURE**
**Virginia State University, College of Agriculture**
**1 Hayden Drive**
**P.O. Box 9081**
**Petersburg, VA  23806**

**VIRGINIA STATE UNIVERSITY BOARD OF VISITORS**
**1 Hayden Drive**
**Petersburg, VA  23806**

**MR. HURON F. WINSTEAD, RECTOR**
**Board of Visitors**
**Virginia State University, Office of**

University Relations
P.O. Box 9085
Petersburg, VA 23806

**MR. CHARLIE HILL, VICE RECTOR**
Board of Visitors
Virginia State University, Office of
University Relations
P.O. Box 9085
Petersburg, VA 23806

**MS. THURSA CRITTENDEN, SECRETARY**
Board of Visitors
Virginia State University, Office of
University Relations
P.O. Box 9085
Petersburg, VA 23806

**MS. VALERIE K. BROWN**
Board of Visitors
Virginia State University, Office of
University Relations
P.O. Box 9085
Petersburg, VA 23806

**MS. PAMELA CURREY**
Board of Visitors
Virginia State University, Office of
University Relations
P.O. Box 9085
Petersburg, VA 23806

**DR. DARYL C. DANCE**
Board of Visitors
Virginia State University, Office of
University Relations
P.O. Box 9085
Petersburg, VA 23806

**MR. MICHAEL FLEMMING**
Board of Visitors
Virginia State University, Office of
University Relations
P.O. Box 9085
Petersburg, VA 23806

**MR. RAUL R. HERRERA**
**Board of Visitors**
**Virginia State University, Office of**
**University Relations**
**P.O. Box 9085**
**Petersburg, VA 23806**

**MS. JENNIFER HUNTER**
**Board of Visitors**
**Virginia State University, Office of**
**University Relations**
**P.O. Box 9085**
**Petersburg, VA 23806**

**MR. PAUL KOONCE**
**Board of Visitors**
**Virginia State University, Office of**
**University Relations**
**P.O. Box 9085**
**Petersburg, VA 23806**

**MR. XAVIER RICHARDSON**
**Board of Visitors**
**Virginia State University, Office of**
**University Relations**
**P.O. Box 9085**
**Petersburg, VA 23806**

**MR. GLENN SESSOMS**
**Board of Visitors**
**Virginia State University, Office of**
**University Relations**
**P.O. Box 9085**
**Petersburg, VA 23806**

**MR. JAMES STEGMAIER**
**Board of Visitors**
**Virginia State University, Office of**
**University Relations**
**P.O. Box 9085**
**Petersburg, VA 23806**

**MS. WAYNE TURNAGE**
**Board of Visitors**
**Virginia State University, Office of**

**University Relations**
**P.O. Box 9085**
**Petersburg, VA 23806**

**MR. GEORGE WHIRLEY**
**Board of Visitors**
**Virginia State University, Office of**
**University Relations**
**P.O. Box 9085**
**Petersburg, VA 23806**

                              **Defendants.**

# COMPLAINT

This action arises out of unlawful employment actions against Plaintiff Dr. Francoise Favi, PhD, ("Dr. Favi") by Defendant Virginia State University ("VSU"), by and through its Administration and Board of Visitors as listed as well as the other Defendants listed above (collectively referred to herein as "VSU" or "VSU Administration"). Dr. Favi asserts that she was subjected to, and continues to be subjected to, sex discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), including, but not limited to, in the provision of pay, promotions, raises, and other jobs benefits. Dr. Favi further alleges that VSU willfully discriminated against her in violation of the Equal Pay Act ("EPA"), as amended 29 U.S.C. § 206(d),et seq. Specifically, Dr. Favi asserts that VSU failed to promote her and failed to justly compensate her in violation of the EPA when it discriminated against Dr. Favi on the basis of sex by compensating her at a rate less than the rate at which it pays wages to similarly situated male employees for equal work on jobs, the performance of which required equal skill, effort, and responsibility, and which were

performed under similar working conditions. Lastly, Dr. Favi alleges that VSU willfully discriminated against her in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended 29 U.S.C. 621, et seq. ("ADEA"), including, but not limited to, discrimination based on age including in the provision of pay, promotions, raises, and other jobs benefits, hostile work environment, and retaliation. In support of her Complaint, the Plaintiff, Dr. Francoise Favi, by counsel, states as follows:

## I. THE PARTIES

1. Dr. Favi is a resident of the Commonwealth of Virginia.

2. VSU is a public land-grant university with more than 500 employees that is governed by the Board of Visitors. The Board of Visitors is responsible for controlling and expending funds of the University including its appropriations, appointing the President, establishing tuition and fee costs, as well as other duties. It is located at 1 Hayden Drive, Petersburg, Virginia 23806.

3. VSU regularly and systematically conducts substantial business in the City of Richmond and receives funding from the Commonwealth of Virginia which is housed in the City of Richmond.

4. Dr. Makola M. Abdullah is the President of VSU.

5. Dr. Elliott Wheelan is the Associate Vice President for Human Resources and Compliance at VSU.

6. Ms. Julia Walker is the EEO/Compliance Manager at VSU.

7. Ms. Ramona Taylor is the University Legal Counsel for VSU.

8. Dr. Marion Ray McKinnie is the Dean of the College of Agriculture at VSU.

9. Dr. Wondi Mersie is the Associate Dean and Director of Research for the College

of Agriculture at VSU.

10. Mr. Huron F. Winstead is the Rector of VSU's Board of Visitors.

11. Mr. Charlie Hill is the Vice Rector of VSU's Board of Visitors.

12. Ms. Thursa Crittenden is the Secretary of VSU's Board of Visitors.

13. Ms. Valerie K. Brown serves on VSU's Board of Visitors.

14. Ms. Pamela Currey serves on VSU's Board of Visitors.

15. Dr. Daryl C. Dance serves on VSU's Board of Visitors.

16. Mr. Michael Flemming serves on VSU's Board of Visitors.

17. Ms. Jennifer Hunter serves on VSU's Board of Visitors.

18. Mr. Paul Koonce serves on VSU's Board of Visitors.

19. Mr. Xavier Richardson serves on VSU's Board of Visitors.

20. Mr. Glenn Sessoms serves on VSU's Board of Visitors.

21. Mr. James Stegmaier serves on VSU's Board of Visitors.

22. Mr. Wayne Turnage serves on VSU's Board of Visitors.

23. Mr. Gregory Whirley serves on VSU's Board of Visitors.

## II. JURISDICTION

24. This is an action based on discrimination and willful violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act of 1963, 29 U.S. Code §206(d) ("EPA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 ("ADEA"). All events that led to the claims set forth herein occurred at Virginia State University ("VSU"), which is located in Petersburg, Virginia, but regularly and systematically conducts substantial business in the City of Richmond and receives funding from the Commonwealth of Virginia which is housed in the City of Richmond, within the jurisdiction of this Court. Claims under

Title VII may be brought against any employer in any Federal or State court of competent jurisdiction by any one or more employees. *Yellow Freight System, Incorporated v. Donnelly*, 494 U.S. 820 (1990). Additionally, claims under the Equal Pay Act may be brought against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees. *Id*. at § 216(b). Claims under the ADEA may be brought by any person aggrieved in "any Federal district court of competent jurisdiction for such legal or equitable relief." 29 U.S.C. 633(c).

### III. FACTUAL ALLEGATIONS

25. Dr. Favi re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of her Complaint.

26. VSU is subject to Title VII, the EPA, and the ADEA.

27. Dr. Favi is an eligible employee under Title VII, the EPA, and the ADEA.

28. Dr. Favi is female.

29. Dr. Favi is 70 years old, which is well over the age of 40.

30. Dr. Favi has been employed with Virginia State University ("VSU") since 2002 in teaching and research positions. She is currently serving as the Laboratory and Research Specialist II in Entomology-Natural Product Research in the Agricultural Research Station ("ARS") which is a subset of the College of Agriculture.

31. Dr. Favi holds the following degrees: PhD in Entomology and Natural Product Research from Montana State University – Bozeman, Master's Degree in Entomology (Insect Pathology) from Montana State University – Bozeman, Master's Degree in Agricultural Economics from the National University of Benin, Abomey-Calavi, Bachelor's Degree in

Agronomy from the National University of Benin, Abomey-Calavi. She was considered "Professor Level" in Africa before she migrated to the United States in 1990.

32. Over the course of her career at VSU, Dr. Favi served as a Post-Doctoral Research Associate for four years and a Laboratory and Research Specialist II in Entomology-Natural Product Research for thirteen years. In 2019, she received the prestigious President's Volunteer Service Award for her volunteer work in Bangladesh on a project to grow Cassava for industrial use.

33. Dr. Favi is currently paid $43,926.44 per academic year. From 2011 to 2012 her salary was $41,706.58 per academic year. From 2012 to 2013, her salary was $43,622.52 per academic year. From 2013 to 2014, her salary was $42,756.94 per academic year. From 2014 to 2015, her salary was $43,629.58 per academic year. From 2015 to 2016, her salary was $43,606.77 per academic year. From 2016 to 2018, her salary was $42,859.28.

34. The following male employees at VSU in ARS earn or earned a significantly higher salary than Dr. Favi earns or has earned, despite having comparable or less experience, comparable or fewer qualifications, and comparable or fewer job responsibilities: Dr. Cyher Kim, PhD, who was a Laboratory Technician with Dr. Favi but was promoted to an Assistant Professor in 2015. Dr. Kim is in his early to mid-fifties. Dr. Anwar Hamama, PhD, who is a male Laboratory and Research Specialist II and to the best of our knowledge and belief is younger than Dr. Favi.

35. As of July 2019, VSU's College of Agriculture Research Station Staff was comprised of four Laboratory and Research Specialist II employees: Zaid Abraha-Eyob, Dr. Francoise Favi, PhD, Dr. Anwar Hamama, PhD, and Dr. Haiwen Li, PhD. Dr. Anwar Hamama is

a male while Drs. Favi, Abraha-Eyob, and Li are all female. It is believed to the best of our knowledge and ability that Dr. Favi is the oldest Laboratory and Research Specialist II.

36. As of July 2019, VSU's College of Agriculture Research Station Staff was compromised of four Professors, seven Associate Professors, and six Assistant Professors. Of the seventeen, only four are female. The four Professors are: Dr. Asmare Atalay, PhD, Dr. Harbans Bhardwaj, PhD, Dr. Michelle Corley, PhD, and Dr. Stephan Wildeus, PhD, of which Dr. Michelle Corley is the only female. The Associate Professors are: Dr. Maru Kipleting Kering, PhD, Dr. Shuxin Ren, PhD, Dr. Laban K. Rutto, PhD, Dr. Rafat Siddiqui, PhD, Dr. Vitalius Wibald Temu, PhD, Dr. Yixiang Xu, PhD, and Dr. Adnan Yousuf, PhD, of which Dr. Yixiang Xu is the only female. The Assistant Professors are: Dr. Ramesh Dhakal, PhD, Dr. Guo-Liang Jiang, PhD, Dr. Chyer Kim, PhD, Dr. Zelalem Mersha, PhD, Dr. Eunice Ndegwa, BVM PhD, Dr. Toktam Taghavi, PhD, of which Dr. Eunice Ndegwa and Dr. Tomtam Taghavi are the only females. It is believed to the best of our knowledge and ability that Dr. Favi is one of the oldest members of the College of Agriculture, including all Professors, Associate Professors, and Assistant Professors.

37. Dr. Favi's responsibilities at VSU include and have included:

    a. As a Laboratory and Research Specialist II, Dr. Favi conducting scientific research such as rearing insects, performing experiments, managing the laboratory and greenhouse experiments, collecting and analyzing data, performing literature reviews, writing reports, assisting and mentoring students on research projects, and supervising students and other laboratory employees.

      b.     As a Post-Doctoral Research Associate, she conducted scientific research such as testing botanical extracts for pesticide discoveries, performed experiments, managed the greenhouse, and collected and analyzed data.

36.     When Dr. Favi was hired as a Laboratory and Research Specialist II, she worked beneath Dr. Mark Kraemer from 2006 until his retirement in 2015. Dr. Kraemer served as an Associate Professor of Entomology. Dr. Favi's specialty is entomology.

37.     In her position as a Laboratory and Research Specialist II, Dr. Favi was often assigned tasks by Dr. Mersie that were reserved for full-time professors but was not given adequate compensation for her work. For example, Dr. Mersie instructed Dr. Favi to develop techniques on nematodes research that should have been assigned for a full-time professor. While doing this research, she continued to be compensated as a Laboratory and Research Specialist II.

38.     In 2011, Dr. Wondi Mersie hired Dr. Vitalis Temu as an Associate Professor to complete forage research. However, Dr. Temu was unable to complete any of the required research so Dr. Mersie required Dr. Favi to complete the research even though it was both outside of her area of expertise and training and was professor-level work. When she told Dr. Mersie her concerns, he threatened her and stated she had to do the forage research on top of her already assigned entomology research or he would "deal with her appropriately." This was just another example of Dr. Favi being made to do extra work by Dr. Mersie that was outside her job description without receiving proper compensation.

39.     In April 2014, Dr. Mersie would not authorize Dr. Favi's United States Department of Agriculture ("USDA") grant proposal to be submitted. Dr. Favi had first worked on this proposal in 2010 for her then supervisor Dr. Kraemer, however due to an error by Dr.

Kraemer it was not submitted properly and the USDA rejected the proposal. In April 2014, Dr. Favi attempted to submit the proposal again to the USDA with the help of Dr. Stephan Wildeus and Anna Zajac, a Professor at Virginia Tech. Dr. Mersie refused to authorize the proposal or authorize the participation of the other Professors. When Dr. Favi asked why Dr. Mersie was not authorizing her proposals, he stated that she could find other employment if she did not like her current position. Dr. Mersie's failure to submit Dr. Favi's grant proposals disadvantaged her professionally as individuals in this field are often promoted based on their research, which generally depends on obtaining grants.

40. In December 2014, Dr. Favi was given a revised Employee Work Profile ("EWP") that changed her research objectives from an entomology focus to a forage and horticulture focus. The revised EWP completely changed Dr. Favi's research and job description as it no longer focused on entomology, which is her specialty. She was forced to sign the revised EWP after Dr. Mersie and Dr. Vitalis Temu, Dr. Favi's supervisor, threatened and yelled at her repeatedly until she signed it. They stated Dr. Favi would not have a job at any other station unless she signed the revised EWP.

41. In January 2015, Dr. Mersie called a meeting with Drs. Anwar Hamama, Dr. Vitalis Temu, and Dr. Favi. During this meeting, Dr. Mersie gave Dr. Kraemer's final retirement report, a report which Dr. Favi had worked on with Dr. Kraemer, to Dr. Vitalis Temu, a younger, male employee, and stated that he now owned the research Dr. Favi had done. Dr. Mersie told Dr. Favi she was not allowed to read the final report or claim credit for any of the work she had produced because of her position as a Laboratory Specialist.

42. In June 2015, Dr. Mersie, without any explanation, shut down Dr. Favi's research, destroyed her lab, threw away her chemicals, and moved her to a cubicle that was not an

adequate workspace for her research tools. The workspace was too small for Dr. Favi to have her microscope at her work station, which is her critical for her job.

43. From June to October 2015, Dr. Mersie required Dr. Favi to complete tasks outside of her job description such as working to breed plants in the farm during the extreme heat of summer and obtaining pricing for a fence which was never ordered. These tasks were not typically assigned to Laboratory and Research Specialists and are typically completed by purely administrative individuals with less seniority and education than Dr. Favi.

44. When Dr. Kraemer retired in February 2015, no one was hired to fill his faculty position although Dr. Favi expressed interest in filling the position and was more than qualified to do so.

45. In August 2015, Dr. Kraemer's former position was finally posted but Dr. Mersie, Dr. Favi's supervisor, changed the requirements to a PhD in Horticulture or a related field and the position was labeled "G0423 Assistant/Associate Professor (Horticulturist)". This was a significant change to Dr. Kraemer's position as he had been an Associate Professor of Entomology as had the person who occupied that position before him. Dr. Favi could not apply for the position because she no longer met the position requirements. When Dr. Favi asked Dr. Mersie why he changed the position he stated that it was so that she, Dr. Favi, could not get hired for the position. Dr. Mersie's decision specifically was directed at Dr. Favi based on her sex and age as it was typical for Laboratory Technicians or Research specialists working under a Professor to be promoted upon the mentoring professor's retirement, as had happened when Professor Steven Pao retired and his Laboratory Technician Dr. Chyer Kim was promoted into Dr. Pao's old position.

46. In December 2015, Dr. Mersie created a committee to screen the applications for Dr. Kraemer's former position and specified that the criteria only applied to applicants holding a PhD in Horticulture, which made Dr. Favi ineligible to apply as she no longer met the requirements.

47. In July 2016, Dr. Mersie refused to provide Dr. Favi with the keys to the reliable, newer ARS truck to drive to the fields for her research. As a result, Dr. Favi was forced to use a much older, unreliable vehicle with faulty brakes in order to finish her work. It was well known within the ARS that this truck was not in good condition to drive and the truck was soon discontinued from ARS use after this incident.

48. In November 2016, Dr. Mersie told Dr. Favi that she was "too old" to fill Dr. Kraemer's still vacant position and she would never be hired because the position was open to a nationwide search. This position had remained open since Dr. Kraemer retired in February 2015.

49. In November 2016, Dr. Mersie emailed abstracts of other researchers and faculty to the entire staff, but did not email Dr. Favi's abstracts, which disadvantaged her professionally as most professionals in the science industry are only known by their professionally published works.

50. On December 15, 2016, Dr. Favi filed a complaint with VSU's Office of Human Resources detailing her sex discrimination, age discrimination, hostile work environment, retaliation, and equal pay claims.

51. In February 2017, Dr. Favi brought her concerns to Human Resources about being assigned the workload of a full-time professor but remaining a Laboratory and Research Specialist II. Ms. Julia Walker of Human Resources at VSU noted that Dr. Favi's current Employee Work Profile reflected the work and qualifications of a full-time professor. When this

information was brought to Dr. Mersie, he still refused to move Dr. Favi to Dr. Kraemer's still vacant position or give her a raise to adequately compensate her or promote her to the Professor level.

52. Dr. Favi brought her complaints to the attention of the Department of Human Resources and followed the administrative chain of command, with no relief or corrective action taken. Dr. Favi filed an internal complaint with VSU's Office of Human Resources in December 2016 and met with Julia Walker, VSU Human Resources, in February 2017. She also, through her attorney, sent a demand for relief on September 6, 2017, to the VSU administration with no corrective action taken. She subsequently filed an EEOC charge on March 26, 2018 (attached as Exhibit A) alleging violations of Title VII, the Equal Pay Act, and the Age Discrimination in Employment Act, which Charge was provided to the Defendants and, over the more than 180 days that the EEOC kept jurisdiction, the defendants failed to take remedial action. Dr. Favi recently received her Right to Sue letter (attached as Exhibit B) and now brings this lawsuit to obtain legal relief.

<u>COUNT I – PATTERN AND PRACTICE OF DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF TITLE VII</u>

53. Dr. Favi re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if they were fully set out herein.

54. Dr. Favi is female, and therefore a member of a protected class under Title VII.

55. Based on the foregoing, it is clear that Dr. Favi was subjected to, and continues to be subjected to, sex discrimination, harassment and retaliation and willful violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), including, but not limited to, in the provision of pay, promotions, raises, and other job benefits. Specifically, Dr. Favi has repeatedly been denied a promotion to Dr. Kraemer's vacant position and the

requirements for the position were purposefully changed by Dr. Mersie so Dr. Favi was no longer eligible to apply which has stunted Dr. Favi professionally and financially. Additionally, Dr. Mersie has discriminated against, harassed, and created a hostile environment directed at her because of sex by not sending her abstracts to the department, not authorizing her grant proposals, preventing her from receiving credit for research she conducted, assigning work beyond her job description but not providing additional compensation, changing her employee work profile to reflect areas of science she has no expertise in, sending her out to the work on the farm in the extreme heat and in an unreliable, dangerous vehicle, shutting and down and destroying her lab and research, making her do menial tasks, making her do the work of other male employees that should have been done by them and not her, and favoring other males in the department and giving them credit for Dr. Favi's research.

56. When Dr. Favi complained about the discriminatory behavior, Dr. Mersie retaliated by shutting down Dr. Favi's research, destroying her lab, throwing away her chemicals, and moving her to a workspace that was too small for her laboratory equipment. He also began to assign Dr. Favi work beneath her position such as obtaining pricing for a fence that was never ordered and breeding plants on the farm in the middle of summer.

57. The discriminatory, harassing and retaliatory behavior has been part of an on-going pattern at VSU since 2011 and these deliberate adverse employment actions were clearly based on Dr. Favi's sex.

## COUNT II – WILLFUL AND KNOWING VIOLATION OF THE EQUAL PAY ACT

49. Dr. Favi re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if they were fully set out herein.

50. Based on the foregoing, it is clear that Dr. Favi has been paid less than her male comparators, such as Dr. Chyer Kim and Dr. Anwar Hamama, for equal work which requires equal skill, effort, and responsibility, and which is performed under similar working conditions.

51. Such pay discrepancies are not based on a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or any other factor other than sex.

52. Additionally, Dr. Favi was prevented from advancing professionally and obtaining a higher salary when Dr. Mersie refused to promote Dr. Favi to Dr. Kraemer's former position and changed the requirements of the position so she no longer qualified.

53. The violations, in pay and benefits especially, have been willful, knowing, and repeatedly occurring with every paycheck Dr. Favi has received since 2012.

54. Since VSU's violation of the EPA have been willful, Dr. Favi is entitled to a three-year statute of limitations on her claims, and to liquidated damages, in accordance with 29 C.F.R. 1620.33(b).

<u>COUNT III – PATTERN AND PRACTICE OF DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT</u>

56. Dr. Favi re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if they were fully set out herein.

57. Based on the foregoing, it is clear that Dr. Favi has been paid less than her younger comparators for equal work which required equal skill, effort, and responsibility, and which was performed under similar working conditions.

58. Dr. Favi's supervisors, especially Dr. Mersie, have passed over her for promotions, declined to increase her wages for increased and higher level work, and interfered with her abilities to perform her duties of employment

59. Dr. Favi was told by Dr. Mersie she was "too old" to apply for Dr. Kraemer's vacant position, a clear discriminatory animus based on Dr. Favi's age.

60. Dr. Favi's employers subjected her to disparate and adverse employment actions in part or wholly because of her age, in violation of the ADEA, 29 U.S.C. § 623(1).

61. The violations of the ADEA have been willful, knowing, and repeatedly occurring and Plaintiff seeks liquidated damages for each violation.

## PRAYER FOR RELIEF

62. As a proximate result of the conduct of VSU as set forth in all the preceding paragraphs, Dr. Favi was damaged.

63. For violations of Title VII, the EPA, and ADEA, Dr. Favi demands such legal or equitable relief as provided by law, including, but not limited to, the following:

   a. A preliminary and permanent injunction against VSU and its directors, officers, employees, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, improper activities and practices, policies, customs and usages as set forth herein;

   b. Front pay in a to be determined amount;

   c. Back pay from three years prior to the initial filing of this lawsuit in at least the amount of $ 50,000.00 per year plus interest on that monetary award for that same time period of three years prior to the filing of the initial lawsuit;

  d. Liquidated damages (double back pay) on any monetary award under the EPA and the ADEA;

  e. Compensatory damages in an amount to be determined;

  f. Punitive damages under Title VII;

  g. Reasonable attorney fees and costs in bringing this action;

  h. Prejudgment interest; and

  i. Any other relief that this Court deems just and equitable.

## MISCELLANEOUS

64. Trial by jury is demanded.

65. Plaintiff reserves the right to amend this Amended Complaint, including the right to add additional counts and/or parties through discovery and up to trial of this action as investigation and discovery further warrant.

WHEREFORE, the plaintiff, Dr. Francoise Favi, is seeking damages in an amount to be demonstrated by the evidence up to the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in compensatory damages including but not limited to back pay and front pay and double back pay as liquidated damages, THREE HUNDRED THOUSAND ($300,000.00) in punitive damages, her attorney fees and costs and such other relief as the Court and/or jury may award.

            Respectfully submitted,

            **DR. FRANCOISE D. FAVI**

            BY: /s/ Colleen M. Quinn, Esq.

            Of Counsel

Colleen Marea Quinn, Esq. (VSB # 29282)
Katherine L. Miceli, Esq. (VSB # 93673)
Locke & Quinn
4928 West Broad Street
P.O. Box 11708
Richmond, VA 23230
Telephone: (804) 545-9406
Fax: (804) 545-9411
quinn@lockequinn.com
miceli@lockequinn.com
*Counsel for Plaintiff*