IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DR. FRANCOISE D. FAVI,

      Plaintiff,

v.                                       Civil Action No. 3:19-cv-517

VIRGINIA STATE UNIVERSITY,
et al.,

      Defendants.

## OPINION

Francoise D. Favi, Ph.D., has worked as a researcher for Virginia State University ("VSU") since 2002. She has sued VSU, the VSU Board of Visitors, and VSU President Makola M. Abdullah, alleging that they discriminated against her based on her sex in violation of Title VII of the Civil Rights Act of 1964.[1] The defendants have moved to dismiss Favi's claims for failure to state a claim. Because Favi has failed to plead a cognizable Title VII claim, the Court will dismiss this case.

## I. FACTS ALLEGED IN THE COMPLAINT

Favi, a seventy-year-old woman, has worked as a post-doctoral research associate and a laboratory and research specialist for VSU since 2002. An entomology specialist, she currently serves as a Laboratory and Research Specialist II in Entomology-Natural Product Research in the Agricultural Research Station ("ARS"). She conducts research, performs and manages

---

[1] Favi also alleges violations of the Age Discrimination in Employment Act ("ADEA") and the Equal Pay Act ("EPA"). Favi, however, concedes that Eleventh Amendment immunity applies to her ADEA claim in Count Two. Accordingly, the Court will dismiss Count Two without prejudice because the Court lacks subject matter jurisdiction over that claim. Favi also concedes that she has failed to allege facts sufficient to support an EPA claim in Count Three. Accordingly, the Court will dismiss Count Three with prejudice. Thus, the Court will only consider facts and arguments relevant to Favi's Title VII claims.

experiments, manages the laboratory, collects and analyzes data, drafts literature reviews, writes reports, assists and mentors students with research projects, and supervises students and other employees.

Favi worked for Dr. Mark Kraemer, an associate professor, from 2006 until he retired in 2015. During that time, Dr. Wondi Mersie often assigned Favi work typically reserved for full-time professors, such as developing research techniques, without compensating her for the increased responsibilities. In 2011, Mersie hired Dr. Vitalis Temu, a man, as an associate professor to perform forage research, which required professor-level work. Because Temu could not complete the research, Mersie assigned the work to Favi even though the work fell outside her area of expertise and job description. When Favi expressed her concerns to Mersie, he told her that she must complete the forage research in addition to her entomology research "or he would 'deal with her appropriately.'" (Am. Compl. ¶ 22.) VSU did not give Favi additional compensation for the extra work. Temu eventually became Favi's supervisor.

In April, 2014, Favi tried to submit a proposal to the United States Department of Agriculture ("USDA") with the help of two non-VSU professors. Mersie would not authorize the proposal or the participation of the other professors. When Favi asked Mersie why he would not authorize her proposal, Mersie told Favi that "she could find other employment if she did not like her current position." (*Id.* ¶ 23.) Favi contends that Mersie's failure to authorize her proposal disadvantaged her professionally and prevented her from obtaining research-based promotions.

In December, 2014, VSU revised Favi's Employee Work Profile ("EWP"), changing her research objectives from entomology to forage and horticulture. Mersie and Temu "threatened and yelled at her repeatedly until she signed" her new EWP. (*Id.* ¶ 24.) They also told Favi that she "would not have a job at any other station unless she signed the revised EWP." (*Id.*)

In January, 2015, Mersie held a meeting with Favi, Temu, and Dr. Anwar Hamama, during which they discussed Kraemer's retirement report. The report included research that Favi had done. Mersie told Favi that she could not read the report or claim credit for the work she had produced. Instead, Mersie told Temu "that he now owned the research Dr. Favi had done." (*Id.* ¶ 25.)

In June, 2015, without explanation, Mersie shut down Favi's research, destroyed her lab, threw away her chemicals, and moved her workspace to a cubicle that was too small for her research tools, including her microscope. From June, 2015, to October, 2015, Mersie required Favi to complete tasks typically performed by administrative personnel with less seniority and education. The tasks included "working to breed plants in the farm during the extreme heat of summer and obtaining pricing for a fence which was never ordered." (*Id.* ¶ 27.)

In February, 2015, Favi expressed interest in filling Kraemer's Associate Professor of Entomology position "and was more than qualified to do so." (*Id.* ¶ 28.) VSU typically promoted laboratory technicians or research specialists when their mentoring professor retired. When VSU posted the position in August, 2015, however, Mersie "changed the requirements to a [Ph.D.] in Horticulture or a related field and [labeled] the position . . . 'G0423 Assistant/Associate Professor (Horticulturist.)" (*Id.* ¶ 29.) Based on the new job description, Favi was ineligible to apply. When Favi asked Mersie why the job description changed, Mersie responded "that it was so that she, Dr. Favi, could not get hired for the position." (*Id.* ¶ 29.) In December, 2015, Mersie created a committee to screen applicants for the position. He specified that the position was only open for applicants with a Ph.D. in horticulture, which Favi did not have.

In July, 2016, Mersie refused to provide Favi with a reliable truck to drive to her research site. (*Id.* ¶ 31.) Instead, Favi used an unreliable vehicle with faulty breaks. (*Id.*) Soon thereafter, the ARS stopped using the unreliable vehicle.

In November, 2016, Kraemer's position remained opened. Mersie, however, told Favi that she was "too old" to fill Kraemer's position and that "she would never be hired because the position was open to a nationwide search." (*Id.* ¶ 32.) Favi contends that no one has filled Kraemer's role.

That same month, Mersie emailed to the entire staff other faculty members' and researchers' written abstracts but left out Favi's abstracts. Favi asserts that this disadvantaged her professionally because "professionals in the science industry are only known by their professionally published works." (*Id.* ¶ 33.)

On December 15, 2016, Favi filed a complaint with VSU's Office of Human Resources ("HR"), alleging sex discrimination, age discrimination, hostile work environment, retaliation, and equal pay violations. In February, 2017, Favi also complained to HR about performing the responsibilities of both a researcher and a full-time professor. An HR employee noted that Favi's EWP "reflected the work and qualifications of a full-time professor." (*Id.* ¶ 35.) When HR brought this to Mersie's attention, he did not promote her to Kraemer's vacant position or another professor-level position or compensate her for her additional responsibilities. On September 6, 2017, Favi's attorney sent a demand letter to VSU. VSU did not take corrective action.

On March 26, 2018, Favi filed an Equal Employment Opportunity Commission ("EEOC") charge alleging violations of Title VII, the EPA, and the ADEA. (*Id.*) On April 18, 2019, Favi received a right to sue letter. She filed this lawsuit on July 16, 2019.

## II. **DISCUSSION**[2]

### *A. Legal Standard*

In Count One, Favi alleges that the defendants engaged in a "pattern and practice of discrimination, harassment, and retaliation in violation of Title VII." (Dk. No. 9, at 10.) The parties categorize these claims into four categories: (1) disparate treatment, (2) failure to promote, (3) hostile work environment, and (4) retaliation. The defendants have moved to dismiss Favi's claims, arguing that they are time-barred and that Favi has otherwise failed to state a claim.

 Before filing a lawsuit alleging violations of Title VII, a plaintiff must file a charge with the EEOC. *See* 42 U.S.C. § 2000e-5. "[T]ypically a charge must be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." *Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 618 (E.D. Va. 2011). "[T]his period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Id.* (quotations omitted). Because Virginia has a state deferral agency, "an employee challenging an employment practice of an employer in Virginia has 300 days from the last date of the alleged discrimination to file a charge with the EEOC." *Id.*

Ordinarily, a plaintiff cannot obtain relief under Title VII based on "discrete discriminatory acts" that took place outside of the 300-day period because each "constitutes a separate actionable

---

[2] The defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002). Although a plaintiff cannot get relief based on acts outside the limitations period, he or she may rely on that conduct as "background evidence in support of a timely claim." *Id.* at 113.

Hostile work environment claims, on the other hand, "are different in kind from discrete acts. Their very nature involves repeated conduct." *Id.* at 115. Courts, therefore, apply the continuing violation doctrine to those claims, which provides a limited exception that allows the "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, . . . for the purpose of assessing liability." *Id.* at 105. For the doctrine to apply, however, an "act contributing to that [claim] [must] take[] place within the statutory time period." *Id.*

### B. Analysis

Here, Favi filed an EEOC charge on March 26, 2018. (Am. Compl. ¶ 36.) Thus, Favi cannot seek relief for conduct that occurred before May 30, 2017. But Favi does not plead any facts regarding allegedly discriminatory conduct that occurred after May 30, 2017. Further, the continuing violation doctrine does not apply to her disparate treatment, failure to promote, or retaliation claims. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 114 ("Discrete acts such as . . . failure to promote . . . are easy to identify."); *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 209 n.5 (4th Cir. 2019) ("*Unlike claims for disparate treatment and retaliation*, the continuing violation doctrine applies to a hostile work environment claim." (emphasis added)). Thus, her disparate treatment, failure to promote, and retaliation claims are time barred, and the Court will dismiss those claims with prejudice.

The continuing violation doctrine also does not save Favi's hostile work environment claim because she does not plead facts about events that occurred within the limitations period. *See Nat'l*

*R.R. Passenger Corp.*, 536 U.S. at 105. In any event, Favi has not pled an actionable Title VII hostile work environment claim.

To state a hostile work environment claim based on gender discrimination, the plaintiff must plead facts "show[ing] that there is (1) unwelcome conduct; (2) that is based on the plaintiff's sex . . . ; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011) (quotations omitted). To establish discrimination based on her gender, Favi alleges that Mersie gave a male professor credit for Favi's research. She also contends, with no factual support, that Mersie changed Kraemer's job description because of Favi's age and gender. (Am. Compl. ¶¶ 25, 29.) Even accepting Favi's factual allegations as true, her assertions do not show that the defendants acted based on her gender.

Additionally, Favi has not specified whether she sues Abdullah in his individual or official capacity. To the extent she sues him in his individual capacity, that claim fails because "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998).

Nevertheless, the documents filed during the EEOC process assert facts not alleged in Favi's amended complaint. The Court has not considered whether those details, if properly pled, would cure the deficiencies in her hostile work environment claim. But the Court will nonetheless grant Favi leave to amend her complaint. Accordingly, in the interest of justice, the Court will dismiss Favi's hostile work environment claim without prejudice and will grant her leave to amend her complaint as to that claim.

### III. **CONCLUSION**

Because Count One is time barred and Favi has otherwise failed to state a claim for relief, the Court will grant VSU's motion to dismiss. The Court, however, will grant Favi leave to amend her hostile work environment claim.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date:  8 April 2020
Richmond, VA

/s/

John A. Gibney, Jr.
United States District Judge